# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-IA-00019-SCT

*PAM WOOD, DAVID WOOD, JUSTIN WOOD,*
*JOSH WOOD AND JACOB WOOD*

*v.*

*SAFEWAY INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/15/2011 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MARK K. TULLOS |
| | CRAIG N. ORR |
| ATTORNEYS FOR APPELLEE: | CHRISTOPHER DAVID MORRIS |
| | PHILIP W. GAINES |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 06/06/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     In this interlocutory appeal, we are asked to determine whether the Circuit Court of

Rankin County abused its discretion by denying the defendants' motion to transfer venue to

the Circuit Court of Smith County. We find that Plaintiff Safeway Insurance Company

("Safeway") failed to demonstrate sufficient facts to support a finding that venue is proper

in Rankin County. Therefore, we reverse the order of the circuit court and remand this action

with instruction to transfer the case to a permissible venue.

**FACTS**

¶2.    Defendant Pam Wood ("Pam") applied for automobile insurance provided by Safeway at the office of an independent insurance agent in Covington County, Mississippi. The application was for a policy to cover two vehicles owned by Pam and her husband, David. The insurance agent faxed the application from Covington County to Safeway's Rankin County office, where Safeway approved the application. Safeway alleges that subsequent renewal activities also took place at its Rankin County office.

¶3.    During the effective dates of the policy, Pam's and David's fourteen-year-old daughter was killed in an automobile accident while she was a passenger in one of the covered vehicles. The car was being driven by Pam and David's sixteen-year-old son, Jacob, who Safeway alleges did not have a valid driver's license.

¶4.    Shortly thereafter, Safeway filed suit against Pam, David, Jacob, and their two adult sons, Josh and Justin, in the Circuit Court of Rankin County. Safeway's complaint seeks: (1) declaratory judgment that the insurance contract is void *ab initio* due to misrepresentations that were made at the time the contract was entered into,[1] or (2) in the alternative, declaratory

---

[1]Safeway alleges that it approved the Woods' insurance policy "in reliance upon certain material misrepresentations and warranties made by . . . Pam Wood." Safeway further alleges that it has been advised of "factual discrepancies, material misrepresentation(s), and/or failure to comply with policy conditions with regard to Pam Wood . . ." including the following:

> a) Residence and/or domicile of the applicant and/or, members of her household with substantial variance and/or lack of acceptability and/or increase in the risk(s) purportedly affected or insured under the policy;

2

judgment that Safeway is not liable under the contract, because the car accident at issue falls under a contractual exception to coverage for uninsured drivers driving the car with the owner's permission. Safeway's complaint stated that the Rankin County Circuit Court had jurisdiction over its claims:

> due to the fact that the communication in question *was delivered and made to Safeway within this judicial district* and Application processing for the insurance policy contract that is the subject matter of this action *was submitted by Defendant(s) to and accepted and processed by Safeway's office in this judicial district.*

(Emphasis added.)

¶5.     The Woods, all residents of Smith County, filed a motion to transfer venue from Rankin County to Smith County. The Woods argued that venue was not proper in Rankin County, because no defendant resided in Rankin County and the allegations contained in Safeway's complaint did not establish that a "significant act or omission" or "substantial event causing injury" occurred in Rankin County, as contemplated by Mississippi's venue statute. The circuit court denied the Woods' motion, and the Woods petitioned this Court for permission to file an interlocutory appeal, which we granted.

---

b) Compliance with specified obligations and/or conditions relevant to and/or necessary for valid issuance of the Safeway policy in question and/or potential payment obligations under said policy;

c) Cooperation and provision of necessary relevant information pertaining to the vehicle(s) listed on the policy, the driver(s) and/or custodian(s) and/or all persons with any type of ownership of use rights(s) to said vehicle.

**DISCUSSION**

**I. Standard of review**

¶6.    We review "a trial court's grant or denial of a motion for change of venue for an abuse of discretion, but questions of law, such as interpretation of the general venue statute, are reviewed de novo." ***Laurel Ford Lincoln-Mercury, Inc. v. Blakeney***, 81 So. 3d 1123, 1125 (Miss. 2012) (citations omitted).

**II. Venue does not lie in Rankin County, because a substantial act or omission did not occur there.**

¶7.    Mississippi's general venue statute, Mississippi Code Section 11-11-3, reads in pertinent part as follows:

> Civil actions of which the circuit court has original jurisdiction shall be commenced [1] in the county where the defendant resides, . . . or [2] in the county where a substantial alleged act or omission occurred or [3] where a substantial event that caused the injury occurred.

Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2004). All agree that the defendants reside in Smith County. Thus, under [1], Smith County is a permissible venue. The county where a substantial event (car accident) that caused injury occurred also is Smith. Thus, under [3], Smith County is a permissible venue. Since all defendants reside in Smith County, and the accident occurred in Smith County, venue would be proper in Rankin County only if that county is "where a substantial alleged act or omission occurred[,]" under [2].

¶8.    In its "Complaint for Declaratory Relief and Determination of Insurance Policy as Void," Safeway requested judicial determination of the invalidity of an insurance contract

4

or, in the alternative, construction of its terms (specifically, its exception to coverage for uninsured drivers driving the car with the owner's permission).[2]

¶9.     Safeway's complaint fails to allege sufficient facts that a substantial act or omission by any of the defendants occurred in Rankin County. In its complaint, Safeway, a non-resident corporation,[3] averred that the Rankin County Circuit Court had jurisdiction, because: "the communication in question was delivered and made to Safeway within [Rankin County] and Application processing for the insurance policy contract . . . was submitted by Defendant(s) to and accepted and processed by Safeway's office in [Rankin County]." Safeway's attempt to establish venue by stating that Pam's communications were delivered *and* submitted *and* accepted *and* processed in Rankin County is unavailing, for "[t]he venue statute does not allow the 'piling' of acts or events to establish venue. It specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular

---

[2]Rule 57 specifically provides for declaratory judgment to determine questions of contractual validity and interpretation, as follows:

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status or other legal relations thereunder.

Miss. R. Civ. P. 57(b)(1).

[3]The insurance policy reveals that Safeway's principal place of business is in Westmont, Illinois.

jurisdiction in order for venue to be proper there." ***Medical Assurance Co. of Miss. v. Myers***, 956 So. 2d 213, 219 (Miss. 2007).

¶10.   Moreover, no support can be found in the record that Pam delivered, submitted, communicated, or made alleged misrepresentations in Rankin County, and no similar claim is made against any other defendant. The record reveals that Pam submitted an application for insurance to an agent in Covington County and conducted her business at the agent's office in Covington County. It was the agent who faxed documents to Safeway's office. The complaint does not allege that Pam conducted any business at Safeway's Rankin County office or sought to avail herself of the jurisdiction of Rankin County in any other way. We conclude that Safeway has failed to establish that its receipt of the application was a substantial act to establish venue in Rankin County.

¶11.   While it is true that, "[o]f right, the plaintiff selects *among the permissible venues*, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue[,]" Rankin County is not among the permissible venues that Safeway could select for this action. ***Hedgepeth v. Johnson***, 975 So. 2d 235, 238 (Miss. 2008) (emphasis added) (citation omitted).

¶12.   In ***Hedgepeth***, we declared that the "two venue options [of where a substantial alleged act or omission occurred and where a substantial event causing the injury occurred] focus on the alleged acts or omissions *of the defendants*." *Id.* (emphasis added). We specifically have provided that "where the . . . basis of the suit is an act or omission by a party, venue may lie in the county in which that party's act or omission took place, *not the county in which the*

6

*plaintiff acted.*" ***Holmes v. McMillan***, 21 So. 3d 614, 619 n.5 (Miss. 2009) (emphasis added) (citation omitted). "[S]imply experiencing the effects of an act or omission in a county is insufficient to establish venue." ***AFLAC v. Ellison***, 4 So. 3d 1049, 1051 (Miss. 2009) (citation omitted).

¶13.    In ***Holmes***, we found that, in determining venue for a claim that an insurer breached a contract by denying coverage, "the relevant acts . . . are those associated with the denial of the claim. The record clearly establishes that the decision to reject the plaintiff's settlement demand was made in Alabama, and . . . [n]othing in the record . . . suggests that the rejection of the settlement demand was connected to [the plaintiff's home county]." ***Id.*** at 619. The relevant acts for purposes of Safeway's lawsuit are those associated with Pam Wood's alleged misrepresentations in an insurance application, which occurred in Covington County, and her allegedly allowing an unlicensed driver to drive the insured vehicle in Smith County.

¶14.    Similarly, in ***Myers***, the relevant actions for venue purposes were the defendant-insurer's actions related to its decision not to renew an insurance policy, and actions by the plaintiff, including receipt of mail, were an "insufficient basis for establishing venue." ***Myers***, 956 So. 2d at 218-19. The ***Myers*** Court found that the plaintiff's receipt of communications in its home county was "a passive function of [its] presence there" and that the plaintiff was "suing [the defendant] based on [the defendant's] own acts or omissions, all of which occurred in Madison County." ***Id.*** at 219. The ***Myers*** Court further discussed whether subsequent acts or effects of a defendant's alleged wrong were "substantial" so as to establish venue, as follows:

7

> The venue statute . . . specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there. In **American Home Products Corp. v. Sumlin**, 942 So. 2d 766 (Miss. 2006), the plaintiff filed suit against a pharmaceutical company for injuries sustained from taking Redux. The plaintiff obtained the prescription, filled it, and ingested the pills in Wayne County. **Id.** at 771. However, she filed suit in Smith County because the echocardiogram revealing her injuries was performed there. **Id.** Whether the test was properly performed was a major point of contention between the parties. **Id.** at 769. Nevertheless, this Court held that venue was only proper in Wayne County, saying "the performance and interpretation of an echocardiogram, alone, is *not sufficient so as to constitute a 'substantial component' of this claim*. Likewise, any emotional distress or psychological pain resulting from the findings of an echocardiogram does not constitute a substantial component of the claim." **Id.** at 771 (internal citations omitted). Thus, *the performance of an echocardiogram or the place where the plaintiff experienced her injuries was not "substantial" enough to establish venue in a particular county. The same is true of the receipt of correspondence, the location of a single clinic in a multi-clinic operation, or the place where Dr. Myers "experienced" being uninsured.*

**Id.** at 219-20 (emphasis added). As in **Myers**, Safeway's receipt and reliance of communications in Rankin County was a passive function of its presence there, for Safeway is suing the defendants based on the acts or omissions of Pam and/or David Wood, all of which occurred either in Covington County or Smith County. Safeway's receipt of and claimed reliance in Rankin County – *i.e.*, where the plaintiff "experienced" the misrepresentations – is not a substantial alleged act to establish venue.

¶15.    In **Hedgepeth**, the plaintiff's county of residence was a permissible venue, but only because the plaintiff's claim was based in part on actions by the defendants at the plaintiff's residence (*i.e.*, not because the plaintiff resided or had received mail there). **Hedgepeth**, 975 So. 2d at 240. Safeway has not demonstrated that Pam or David Wood substantially acted

or failed to act in Rankin County. Rather, Safeway's complaint seeks a declaration that the contract is void *ab initio* for wrongful acts originally committed in Covington County or that it is not liable for wrongful acts occurring in Smith County.

## CONCLUSION

¶16.   Safeway did not establish sufficient facts to support its claim of venue in Rankin County. Accordingly, we reverse the Rankin County Circuit Court's order denying the defendants' motion to transfer venue, and remand this action with instruction to transfer the case to a permissible venue, consistent with this opinion.

¶17.   **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. COLEMAN, J., NOT PARTICIPATING.**

9