KITCHENS, Justice,
 

 for the Court:
 

 ¶ 1. In this product liability/breach of warranty case, the Court is asked to determine whether the trial judge abused his discretion in denying the defendants’ motion to transfer venue when the plaintiff sued in the county where the product was located when the alleged defects first appeared and not where the product was purchased or repaired. Finding that our general venue statute, Mississippi Code Section ll-ll-8(l)(a) (Rev.2004), requires that the case be brought in the county where the product was purchased and/or repaired, we reverse and remand the case for transfer to the proper venue.
 

 Facts and Procedural History
 

 ¶ 2. Larry Blakeney, a resident of Smith County, filed a lawsuit in the Smith County Circuit Court against Laurel Ford Lincoln-Mercury, Inc. (“Laurel Ford”), and Kia Motors America, Inc. (“Kia”), alleging that the 2008 Kia Optima which Blakeney purchased from Laurel Ford was defective. Laurel Ford’s principal place of business is in Jones County, and Kia, the manufacturer, is a nonresident corporation.
 

 ¶ 3. Specifically, Blakeney alleged in his complaint that:
 

 [Sjaid automobile was defective in materials and workmanship from the day of purchase in that the engine is defective. That the Plaintiff has taken the vehicle to the [Laurel Ford] on several occasions for repair of the same problem. Each time the Plaintiffs vehicle was at the Defendant’s place of business for repair, said vehicle was purported to be repaired, but, in fact, was never properly repaired.
 

 Blakeney also alleged that the defendants “held [his] vehicle at [Laurel Ford] at 2018 Highway 15 North in Laurel, Mississippi, 39440, and told [him] that he could not leave with his vehicle unless he signed a Release.” According to the complaint, the vehicle “was warranted by the Defendants by written and expressed warranty from
 
 *1125
 
 any and all defects in materials and workmanship.”
 

 ¶ 4. Laurel Ford and Kia filed separate motions, both seeking a change of venue from Smith County to Jones County. Following a brief hearing, the trial judge denied the motions, and the defendants successfully petitioned this Court for interlocutory review.
 

 Discussion
 

 ¶ 5. The sole issue on appeal is whether the trial judge abused his discretion by denying the defendants’ motions for change of venue. We review a trial court’s grant or denial of a motion for change of venue for an abuse of discretion, but questions of law, such as interpretation of the general venue statute, are reviewed
 
 de novo. Hedgepeth v. Johnson,
 
 975 So.2d 235, 237 (Miss.2008) (quoting
 
 Hayes v. Entergy Miss., Inc.,
 
 871 So.2d 743, 746 (Miss.2004); citing
 
 Champluvier v. State,
 
 942 So.2d 145, 150 (Miss.2006)).
 

 ¶ 6. The general venue statute reads, in relevant part:
 

 (i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
 

 (ii) Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.
 

 Miss.Code Ann. § 11 — 11—3(l)(a) (Rev. 2004). There is no dispute that Laurel Ford’s principal place of business is in Jones County or that Blakeney bought the vehicle in Jones County. Therefore, venue is proper in Smith County only in the event that county is “where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.” Miss.Code Ann. § 11 — 11— 3(l)(a)(i).
 

 ¶ 7. Blakeney argues in his brief that “a substantial event occurred [in Smith County] which caused the injury,” but he does not specify what event occurred in Smith County, only that “the defects became apparent to [him] in Smith County.” Blake-ney made the same argument at trial when defending the motions to transfer: “He lives in Taylorsville in Smith County. Shortly after he got the vehicle home, he started having some problems with it in Smith County, Mississippi.” The trial judge agreed with Blakeney, finding that “a substantial part of the claim originated in Smith County.” In the written order denying the defendants’ motion, the trial judge found that “a substantial alleged act or omission as complained of in the plaintiffs complaint was made in Smith County, Mississippi.”
 

 ¶ 8. We find that the trial judge erred in denying the defendants’ motions for change of venue. The case’s only connection to Smith County is that Blakeney resides there and that he began to notice the alleged defects while in Smith County. Blakeney has not identified “a substantial alleged act or omission” or “a substantial event” that occurred in Smith County, and merely experiencing unspecified problems or damages while the vehicle in question is situated in a particular county does not make that county the proper place to litigate his claim.
 
 Hedgepeth,
 
 975 So.2d at 239 (citing
 
 Med. Assurance Co. of Miss. v. Myers,
 
 956 So.2d 213, 219 (Miss.2007).
 

 Conclusion
 

 ¶ 9. Because the plaintiff cannot point to “a substantial alleged act or omission” or “a substantial event” that occurred in Smith County, the trial judge abused his discretion by denying the defendants’ mo
 
 *1126
 
 tions to transfer venue. Accordingly, we reverse the trial court’s ruling and remand the case for transfer to Jones County.
 

 ¶10. REVERSED AND REMANDED.
 

 WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER, PIERCE AND KING, JJ, CONCUR.