# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-00197-SCT

*WILLIAM GREENWOOD d/b/a ANTIQUE WOOD
COMPANY OF MISSISSIPPI*

*v.*

*MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY, CENTRAL INSURERS
OF GRENADA, INC. AND DIXIE SPECIALTY
INSURANCE, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/2014 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| TRIAL COURT ATTORNEYS: | CHUCK McRAE |
| | CLARK MONROE, II |
| | ERIC PRICE |
| | KATHRYN BREARD PLATT |
| | KATRINA LYNN DANNHEIM |
| | RICHARD E. KING |
| | THOMAS LYNN CARPENTER |
| COURT FROM WHICH APPEALED: | CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY |
| ATTORNEYS FOR APPELLANT: | SETH CLAYTON LITTLE |
| | CHUCK McRAE |
| ATTORNEYS FOR APPELLEES: | THOMAS LYNN CARPENTER, JR. |
| | CARR ALLISON |
| | KATHRYN BREARD PLATT |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 12/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1. After a lawsuit was filed against William Greenwood, doing business as Antique Wood Company of Mississippi, Greenwood's insurers, located in Rankin County and Grenada County, denied indemnity coverage. Greenwood sued the insurers in the Circuit Court of the First Judicial District of Hinds County, alleging breach of contract, conspiracy, and bad faith. Following a grant of a motion for change of venue to the defendants, Greenwood filed the instant petition for interlocutory appeal, which this Court granted. Greenwood asserted that venue was proper in Warren County. We agree and reverse the judgment of the Circuit Court of the First Judicial District of Hinds County and remand the case for transfer to the Circuit Court of Warren County.

## FACTS AND PROCEDURAL HISTORY

¶2. William Greenwood owned Antique Wood Company of Mississippi (Greenwood), which was in the business of buying salvage rights to old buildings for the purpose of stripping and selling the buildings' lumber, bricks, and other materials. Greenwood obtained salvage rights to a Vicksburg postbellum building[1] built in 1868 and sought a policy of insurance to cover "debris removal." Central Insurers of Grenada, Inc. (Grenada), and Dixie Specialty Insurance, Inc. (Dixie), obtained policies on behalf of Greenwood through Mesa Underwriters Specialty Insurance Company (Mesa), formerly known as Montpelier US Insurance Company (Montpelier).

---

[1] The complaint states that the building is located at 707 through 713 Cluster Street in Vicksburg, Mississippi. The City of Vicksburg is situated wholly in Warren County. *Mississippi Official & Statistical Register* 363 (2012-2016).

¶3.     Greenwood's dismantling of the building resulted in a lawsuit filed by adjoining building owners, who claimed that damage had resulted "to an adjacent building and wall." One of the adjoining business owners had "requested the demolition be stopped as it was damaging and would continue to damage the adjacent property." Ultimately, the owners said, "the additional demolition caused substantial damage to the adjacent building." A coverage investigation by Montpelier resulted in a denial of coverage:

> Our investigation revealed several issues concerning coverage. The investigation revealed that you owned the building at the time you took out the policy and did not choose to insure the property at that time. The signed application states that your business is 100% debris removal. You told the inspector that spoke to [you] concerning your business that you only pick up legal landfill debris. The policy was written for debris removal only not the taking down of buildings. Furthermore, the building was owned by you and the resultant damage would arise out of the ownership, use[,] and maintenance of the premises you own, of which we do not insure and were never put on notice []. For these reasons and the provisions in the policy we are unable to provide[] indemnity or defense for the above mentioned claim.

Aggrieved by the denial of coverage for indemnity or defense, Greenwood sued Mesa (then Montpelier), Grenada, and Dixie, in the Circuit Court of the First Judicial District of Hinds County, alleging breach of contract, conspiracy, and bad faith.

¶4.     Mesa and Dixie filed a motion to transfer venue on October 31, 2013, arguing that Rankin County was the proper county for venue purposes under Mississippi Code Section 11-11-3(1)(a)(i) (Rev. 2004),[2] because the in-state defendants, Dixie and Grenada, were

---

[2] Mississippi Code Section 11-11-3(1)(a)(i) states:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that

located in Rankin and Grenada Counties, respectively.[3] Greenwood responded to the motion to transfer venue by arguing that venue was proper in Warren County because the events giving rise to the claim which resulted in the denial of coverage took place there.

¶5.     The trial court ruled that Warren County was not a proper venue because "the substantial act was the denial of the claim, which occurred in Rankin County, not the alleged building demolition in Warren County." The trial court also ruled that Greenwood's venue options against Dixie and Grenada were Rankin County or Grenada County. Greenwood filed an interlocutory appeal on February 13, 2014, which was granted by a panel of this Court on April 16, 2014.

¶6.     The sole interlocutory issue before this Court is whether the trial court erred in its determination that venue was not proper in Warren County and was proper only in Rankin or Grenada Counties.

## STANDARD OF REVIEW

¶7.     "We review 'a trial court's grant or denial of a motion for change of venue for an abuse of discretion, but questions of law, such as interpretation of the general venue statute, are reviewed de novo.'" *Wood v. Safeway Ins. Co.*, 114 So. 3d 714, 716 (Miss. 2013) (quoting *Laurel Ford Lincoln-Mercury, Inc. v. Blakeney*, 81 So. 3d 1123, 1125 (Miss. 2012)).

---

caused the injury occurred.

[3] "Dixie is a Mississippi corporation whose address in 400 Liberty Park, Drive, Flowood, Mississippi, which is located in Rankin County, Mississippi." "Defendant Central Insurers of Grenada, Inc.[,] is a Mississippi corporation whose address is 639 West Monroe Street, Grenada, Mississippi, which is located in Grenada County, Mississippi."

## DISCUSSION

¶8.    The Mississippi venue statute provides four permissible venue options for "[c]ivil actions of which the circuit court has original jurisdiction": (1) "the county where the defendant resides," or (2) "if a corporation, [] the county of its principal place of business," or (3) "the county where a substantial alleged act or omission occurred" or (4) the county "where a substantial event that caused the injury occurred." Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2004). Greenwood maintains on interlocutory appeal that Warren County is a proper venue under the statute because "a substantial alleged act or omission" or a "substantial event that caused the injury occurred" there. *Id.*

¶9.    "'Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue.'" ***Hedgepeth v. Johnson***, 975 So. 2d 235, 238 (Miss. 2008) (quoting ***Flight Line, Inc. v. Tanksley***, 608 So. 2d 1149, 1155 (Miss. 1992)). Greenwood is correct that the dismantling of the building, which resulted in the lawsuit for which the insurers refused to provide coverage, occurred in Warren County. Because Warren County is neither a "county where the defendant resides" nor "the county of its principal place of business," we must consider whether Warren County is a "county where a substantial alleged act or omission occurred *or* where a substantial event that caused the injury occurred." Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2004) (emphasis added).

¶10.    Mesa, Grenada, and Dixie argue that the statutory language "in the county where a substantial alleged act or omission occurred or where a substantial event that caused the

5

injury occurred," means, in the context of nonrenewal of insurance policies, "the relevant actions of the insurance company . . . . associated with the company's decision not to renew the policy." *Holmes v. McMillan*, 21 So. 3d 614, 619 (Miss. 2009) (citing *Med. Assurance Co. of Miss. v. Myers*, 956 So. 2d 213, 218-19 (Miss. 2007)).

¶11.   In *Holmes*, the plaintiff had been in an automobile accident "in the roundabout intersection of International Drive and Old Brandon Road, at the entrance to the Jackson-Evers International Airport." *Holmes*, 21 So. 3d at 615. The plaintiff sued State Farm in Hinds County for breach of contract, aggrieved by State Farm's refusal to pay him a satisfactory amount in uninsured motorist benefits. *Id.* at 616. State Farm sought a transfer of venue. *Id.* The accident scene, although physically located in Rankin County, was under the jurisdiction of the City of Jackson. *Id.* The trial court denied the change of venue and this Court reversed, finding "no dispute that the location where the accident occurred, giving rise to this suit, is physically in Rankin County." *Id.* at 616, 618. Because the accident had occurred in Rankin County and because "[n]othing in the record . . . suggests that the rejection of the settlement demand was connected to Hinds County," this Court held that venue was not proper in Hinds County, but was proper in Rankin County. *Id.* at 619-20.

¶12.   In a similar case, the Hedgepeths of Ocean Springs were denied coverage by State Farm Fire and Casualty Insurance Company following Hurricane Katrina. *Hedgepeth*, 975 So. 2d at 236. The Reverend Hedgepeth had obtained a renter's insurance policy for the parsonage of the church he pastored; but, because the policy did not include a separate flood insurance policy, the insurance claims on personal property lost to storm surge were denied.

6

*Id.* The Hedgepeths had requested flood insurance, but their insurance agent, who lived in Madison County and kept an office in Hinds County, had informed them that such was not available to renters. *Id.* The Hedgepeths filed suit in Jackson County, the trial court granted State Farm's motion to transfer venue to Madison County, and this Court granted an interlocutory appeal to the Hedgepeths. *Id.* at 237.

¶13. This Court considered "whether either 'a substantial alleged act or omission' or 'a substantial event that caused injury' occurred in Jackson County." *Id.* at 239. Noting that the Hedgepeths' insurance agent had "urged them to commit insurance fraud," this Court found that the agent "was in Jackson County at the Hedgepeths' home when she allegedly told Mrs. Hedgepeth to list some of the property which had been destroyed on the first floor as having been located on the second floor," proposed conduct which the Hedgepeths averred had "caused them mental anguish and emotional distress." *Id.* at 240. Furthermore, representatives of State Farm informed the Hedgepeths at their home in Jackson County that their claims would be denied for lack of flood coverage. *Id.*

¶14. This Court sustained the Hedgepeths' choice of venue and remanded the case to Jackson County. *Id.* In support of that decision, this Court cited *Myers*,[4] in which we had held that because "[n]o 'substantial event that caused injury' to Dr. Myers occurred in Holmes County," Myers had to "show that a substantial alleged act or omission occurred there." *Hedgepeth*, 975 So. 2d at 239 (citing *Myers*, 956 So. 2d at 219). In distinguishing

---

[4]In *Myers*, this Court held that Madison County, where the insurer's *decision* not to renew the policy occurred, was the proper venue because it was the insurer's "decision not to renew the insurance policy that is the alleged cause of [plaintiff's] injuries." *Myers*, 956 So. 2d at 219, 220.

7

*Myers*, we held that "[t]he Hedgepeths' claims are based, at least in part, on *actual losses* suffered due to Hurricane Katrina, as their complaint alleges the loss of thousands of dollars in personal property as a result of the defendant's failure to provide flood insurance." *Hedgepeth*, 975 So. 2d at 240 (emphasis added). The Court ultimately found that, "[b]ecause 'substantial alleged acts,' as well as a 'substantial event that caused injury' occurred in Jackson County, Jackson County is a proper venue for this case." *Id.*

¶15.    As this Court recognized in *Myers*, *Hedgepeth*, and *Holmes*, the statutory language allows for venue either in "the county where a substantial alleged act or omission occurred" or in the county "where a substantial event that caused the injury occurred." Miss. Code Ann. § 11-11-3(1)(a)(i). It is true, as Mesa, Grenada, and Dixie argue, that venue would be proper in the present case in Rankin County, where Dixie is located, or in Grenada County, where Central Insurers of Grenada, Inc., is located. But it is not true that our law prevents the plaintiff from selecting Warren County, the county "where a substantial event that caused the injury occurred." In *Hedgepeth*, this Court found that the "substantial event that caused injury" was Hurricane Katrina. *Hedgepeth*, 975 So. 2d at 240. In *Holmes*, this Court held that the "substantial event that caused injury" was the automobile accident which had occurred in Rankin County. *Holmes*, 21 So. 3d at 620.

¶16.    Here, the building in which Greenwood owns an interest in salvage rights is situated in Warren County. Greenwood's dismantling of the building allegedly damaged the adjoining landowners' buildings in Warren County, which resulted in a lawsuit by the adjoining landowners against Greenwood. It was that damage and the resultant lawsuit which, because

the insurance company refused to defend Greenwood, resulted in allegations of "actual losses suffered." *Hedgepeth*, 975 So. 2d at 240. Greenwood's complaint alleges that "[a]fter proceeding with the dismantling of the building, the adjoining building owners filed a claim and a lawsuit." When insurers denied the claim, "[a]s a result of Defendants['] actions, [Greenwood] became embroiled in the claim and ultimately the lawsuit without the benefit" of indemnity coverage. The plaintiff further alleged loss of "valuable materials," which allegedly had been ruined "due to the exposure to the elements." We hold that the dismantling of the Vicksburg building and the resultant lawsuit constitutes "a substantial event that caused injury" pursuant to Section 11-11-3(1)(a)(i). We hold that venue was proper in Warren County, and that the trial court abused its discretion in limiting Greenwood's venue options to Rankin or Grenada Counties.

### CONCLUSION

¶17. Venue is proper in Rankin or Grenada Counties. Venue also is proper in Warren County because "a substantial event that caused injury," Greenwood's dismantling of a building which allegedly damaged buildings of adjoining landowners, occurred in Warren County. Greenwood has established adequately that Warren County is a proper venue, and the plaintiff's choice of permissible venue options controls. We therefore reverse the judgment of the Circuit Court of the First Judicial District of Hinds County and remand the case for transfer to the Circuit Court of Warren County.

¶18. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, PIERCE, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., NOT PARTICIPATING.**

9