# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-IA-00112-SCT

*NATIONAL HEALTH INSURANCE COMPANY*

*v.*

**DAPHNE LEVER**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/09/2024 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | DANIEL DEWAYNE WARE |
| | ERIN DIANE SALTAFORMAGGIO |
| | JAMIE LEE MOORE |
| | CAROLINE BRADLEY-KENNEY |
| | KELLY D. SIMPKINS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ERIN DIANE SALTAFORMAGGIO |
| | JAMIE LEE MOORE |
| | CAROLINE BRADLEY-KENNEY |
| ATTORNEY FOR APPELLEE: | DANIEL DEWAYNE WARE |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 10/09/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**COLEMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     National Health Insurance Company filed an interlocutory appeal challenging the Hinds County Circuit Court's denial of its motion to transfer venue. Concluding that venue is proper in Madison County, the Court reverses the judgment of the trial court and remands the case for proceedings consistent with the opinion.

**FACTS**

¶2.     On May 5 to 7, 2021, Daphne Lever, a Madison County resident, received medical treatment at the St. Dominic Hospital in Jackson, Mississippi, located in Hinds County. Lever pleaded that she was covered by a medical insurance policy issued by National Health.[1] Codefendant Meritain Health[2] is a third-party company that National Health uses to administrate claims.  Both companies are foreign corporations doing business in Mississippi.

¶3.     Subsequent to emergency room treatment, Lever was admitted to the hospital.  A claim was then filed with National Health.  National Health partially paid what was owed to the hospital.  Later, Meritain told Lever that St. Dominic was out of network.  Four months later, Meritain admitted that the hospital was in network.  Lever made multiple attempts to resolve the dispute with the insurer and its administrator.  She repeatedly contacted Meritain's claims department, submitted additional documentation, and requested clarification regarding the coverage issue.  Despite assurances that the outstanding claim was being processed, National Health failed to pay or even provide an explanation for paying only a partial amount.  Meritain eventually told Lever "the number of days for the claim to be filed had expired."

¶4.     Lever filed suit against National Health and Meritain in August 2023 in the Circuit Court of Hinds County.  She sought damages for breach of contract, breach of good faith and

---

[1] The initial complaint listed Allstate Insurance Company as her insurer, but the trial court later substituted National Health as the correct party.

[2] Meritain Health is not a party to the instant interlocutory appeal.

fair dealing, fraud, negligence, and bad faith.  On November 8, 2023, National Health filed

a "motion to dismiss or, in the alternative, transfer venue to Madison County.[3]" Two days

later in the trial court, Meritain separately filed a motion to dismiss or transfer venue.  The

parties filed multiple briefs supporting and opposing the motion.  Ultimately, on January 8,

2024, the trial court held a hearing on the motion.

¶5.     After the hearing, the trial court entered an order denying both National Health's and

Meritain's motions to dismiss or transfer venue.  Only National Health sought and was

granted permission to file the interlocutory appeal from that order.  Meritain did not join the

interlocutory appeal.

## STANDARD OF REVIEW

¶6.     Our Court reviews "a trial court's grant or denial of a motion for change of venue for

an abuse of discretion[.]" *Greenwood v. Mesa Underwriters Specialty Ins. Co.*, 179 So. 3d

1082, 1085 (¶ 7) (Miss. 2015) (internal quotation mark omitted) (quoting *Wood v. Safeway*

---

[3] The correct remedy for improper venue in Mississippi is transfer, not dismissal. Mississippi Rule of Civil Procedure 82(d) states:

> **(d) Improper Venue.** When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein. The expenses of the transfer shall be borne by the plaintiff. The plaintiff shall have the right to select the court to which the action shall be transferred in the event the action might properly have been filed in more than one court.

Miss. R. Civ. P. 82(d).

3

***Ins. Co.***, 114 So. 3d 714, 716 (Miss. 2013)). A court's interpretation of Mississippi venue

statutes are reviewed *de novo*. ***Id.***

<u>**DISCUSSION**</u>

¶7.    The medical treatment received by Daphne Lever in Hinds County might or might not

have caused *an* injury to her, but it definitely did not cause *the* injury of which she complains.

Because the applicable venue statute requires that the substantial event upon which venue

rests cause the injury, which our cases make clear means that the substantial event also must

be one in which the defendant played a role, we reverse the circuit court's denial of National

Health's motion to transfer venue to Madison County.

¶8.    The applicable venue statute provides, in pertinent part, as follows:

> Civil actions of which the circuit court has original jurisdiction shall be
> commenced in the county where the defendant resides, or, if a corporation, in
> the county of its principal place of business, or in the county where a
> substantial alleged act or omission occurred or where a substantial event that
> caused the injury occurred.

Miss. Code. Ann. § 11-11-3(1)(a)(i) (Rev. 2019). Lever argues that, in the instant case,

venue is proper in Hinds County because the medical treatment she received in Hinds County

constitutes "a substantial event that caused the injury." None of the other statutory grounds

for venue are at issue here.

¶9.    In ***Medical Assurance Co. of Mississippi v. Myers***, 956 So. 2d 213, 214 (¶ 1) (Miss.

2007), Dr. Myers, who had been insured by Medical Assurance, sued Medical Assurance for

refusing to renew his professional liability insurance. The Court faced the question of

4

whether proper venue for Myers's claims was in Madison County or in Holmes County. *Id.* In the end, the Court held that venue was proper in Madison County and that the Madison County Circuit Court had abused its discretion by transferring the case back to Holmes County. *Id.*

¶10.   En route to its holding, the *Myers* Court discussed events that did *not* suffice as substantial events that caused Myers's injury.

> Next, *we note that the basis for Dr. Myers's action was MACM's decision not to renew his coverage once it expired on January 1, 2005*, under its own terms. With respect to establishing Dr. Myers's cause of action and claims of wrongful conduct, we find little or no relevance to the particular place he completed his application or mailed his premium payments. Dr. Myers is not claiming that MACM rejected his application or decided not to renew his policy for failure to pay premiums. Completing an application in, and making payments from, Holmes County cannot be considered substantial acts *or injury-causing events in this case.*
>
> Additionally, the chancery court's finding of communications "from and between Holmes County and Madison County" and "to and from Myers in Holmes County and to and from MACM in Madison County" is an insufficient basis for establishing venue. MACM never communicated to Dr. Myers from Holmes County, and all of MACM's deliberations, meetings, correspondence, and communication with Dr. Myers occurred in or were transmitted from its offices in Madison County. MACM never met with Dr. Myers in Holmes County, but the parties did meet in Madison County. *In other words, Dr. Myers is suing MACM based on the company's own acts or omissions, all of which occurred in Madison County.*
>
> The location of the mailbox where Dr. Myers received his policy, non-renewal notice, or other communications from MACM is likewise immaterial. As MACM properly notes, "Dr. Myers's receipt of information in Holmes County is a passive function of his presence there and is not a substantial event causing the damages he claims." Along those same lines, Dr. Myers is not claiming that his own actions or communications contributed to his injuries, so where he performed those actions or from where he made those communications does

5

not impact this Court's venue analysis. *Since it is MACM's decision not to renew the insurance policy that is the alleged cause of Dr. Myers's injuries, every substantial act, omission, or injury-causing event occurred in Madison County.*

Finally, Dr. Myers argues that because he operated a clinic in Holmes County, a substantial injury-causing event occurred or accrued in Holmes County. However, under the amended statute, venue is no longer set by where a cause of action accrued. Even though Dr. Myers claims he was damaged when he experienced being uninsured in Holmes County (and in Humphreys, Washington, and Sunflower counties), this could be the result of substantial acts, omissions, or injury-causing events which occurred in Madison County alone. Following Dr. Myers's logic, a plaintiff injured in an automobile accident in Madison County could establish venue in every county in which the plaintiff traveled simply by showing that, in each county, his or her injuries worsened.

*Id.* at 219 (¶¶ 22-25) (emphasis added).

¶11.   In the above-quoted section, the ***Myers*** Court made clear that, in order to qualify as a substantial event that caused the injury, an event must be caused by the defendant *and* must have caused the injury for which the plaintiff seeks redress against the defendant. The Court began its analysis by framing the basis for Myers's civil action against Medical Assurance as Medical Assurance's decision not to renew coverage, and the remainder of the Court's analysis rested within that framework. *Id.* at 219 (¶ 22). Likewise, the ***Myers*** Court made clear that any qualifying substantial event had to cause not *any* injury to the plaintiff but *the* injury alleged by the plaintiff. *Id.* at 219 (¶ 24).

¶12.   In the case *sub judice*, Lever alleges damages that were caused by National Health's acts and omissions surrounding its contract of insurance with her. Lever does not allege injuries resulting from the medical treatment she received in Hinds County, nor does she

6

allege damages from that treatment that were caused by National Health's acts or omissions. Just as in *Myers*, the county of origin for Myers's application and premium payments, the communications between Myers and Medical Assurance back and forth from the two counties, the location of Myers's mailbox, and the decision to open a clinic in Holmes County did not suffice as substantial injury-causing events. Lever's medical treatment here fails to support venue in Hinds County.

¶13.    *Hedgepeth v. Johnson*, 975 So. 2d 235 (Miss. 2008), confirms the above-described requirement that substantial events that cause the injury must both be actions of the defendant and events that cause the injury of which the plaintiff complains. There, the Court held that venue for the plaintiffs' claims against their homeowners insurance company for breach of contract following Hurricane Katrina was proper in Jackson County. *Id.* at 240 (¶ 15). In so holding, the *Hedgepeth* Court looked not at Hurricane Katrina itself as a substantial event that caused the injury but at the actions of the insurance company and its employees. *Id.* The Court noted allegations that the plaintiffs' insurance agent, located in Jackson County, encouraged them to commit insurance fraud and allegations that State Farm had two representatives on the ground in Jackson County who told the plaintiffs in person that their claim would be denied for lack of flood insurance. *Id.*

¶14.    As National Health contends in its brief, we reaffirmed that a substantial act that caused the injury must be an act of the defendant in *Wood*, 114 So. 3d at 718 (¶ 12). We have further held that, in an action for denial of coverage, the relevant acts "are those

associated with the denial of the claim." ***Holmes v. McMillan***, 21 So. 3d 614, 619 (¶ 18) (Miss. 2009).

¶15. The consistent application of the above-described requirements ended with ***Greenwood***, 179 So. 3d at 1082. There, the plaintiff, William Greenwood, sued his insurance company for denying indemnity coverage. ***Id.*** at 1083 (¶ 1). Greenwood's business bought salvage rights to old buildings. ***Id.*** at 1084 (¶ 2). Greenwood bought an insurance policy from the defendant, Mesa Underwriters, to cover debris removal from a building he had bought. ***Id.*** As a result of Greenwood's dismantling of the building, an adjoining landowner sued him for damages to that landowner's building. ***Id.***

¶16. The ***Greenwood*** Court's holding, that venue was proper in Warren County—the county where the building was dismantled—cannot be squared with ***Myers***, ***Hedgepeth***, ***Wood***, and ***Holmes***, in which we explicitly announced not only that the injury-causing act in question must be an act by the defendant but also that *the injury* means the injury for which the plaintiff seeks recovery in the complaint. The ***Greenwood*** Court held that venue was proper despite failing to identify a single act of Mesa performed in Warren County. In doing so, the ***Greenwood*** Court turned a myopic focus to the ***Hedgepeth*** Court's discussion of Hurricane Katrina as an event giving rise to the plaintiffs' claims there. ***Greenwood***, 197 So. 3d at 1086-87 (¶ 14). The ***Greenwood*** Court wrote that ***Hedgepeth*** distinguished ***Myers*** because "[t]he Hedgepeths' claims are based, at least in part, on *actual losses* suffered due to Hurricane Katrina . . . ." ***Greenwood***, 179 So. 3d at 1087 (¶ 14) (first alteration in

8

original) (internal quotation marks omitted) (quoting *Hedgepeth*, 975 So. 2d at 240)). However, the *Greenwood* Court's attempt to describe the *Hedgepeth* Court's reasoning ignored the *Hedgepeth* Court's reliance on State Farm's agent and other employees' activities on the ground in Jackson County. Accordingly, *Hedgepeth* did not distinguish *Myers* based on Katrina; it distinguished *Myers* based on the actions that State Farm took in Jackson County. *Hedgepeth*, 975 So. 2d at 240 (¶ 15).

¶17. *Greenwood* departed from the Court's earlier, explicit pronouncements that a substantial act that caused the injury must be acts of the defendant and must cause the injury of which the plaintiff complains. In focusing on one part of the *Hedgepeth* Court's reasoning, *i.e.*, Hurricane Katrina, to the exclusion of the rest, *i.e.*, the actions of the defendant in Jackson County, without explaining why it did so or overruling the earlier cases, *Greenwood* has resulted in an unexplained jurisprudential creep away from established venue law. It was wrongly decided, confused the law, and should be overruled. Interpretations of statutes that are "mischievous in effect" may be overruled. *Vicksburg Healthcare, LLC v. Miss. State Dep't of Health*, 292 So. 3d 223, 229 (¶ 17) (Miss. 2020) (internal quotation mark omitted) (quoting *Caves v. Yarbrough*, 991 So. 2d 142, 152 (¶ 38) (Miss. 2008)).

## CONCLUSION

¶18. Pursuant to the foregoing, the Court holds that venue is proper in Madison County and reverses and remands the case for proceedings consistent with the opinion.

¶19. **REVERSED AND REMANDED.**

9

**MAXWELL, CHAMBERLIN, GRIFFIS AND BRANNING, JJ., CONCUR. RANDOLPH, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., ISHEE AND SULLIVAN, JJ.**

**RANDOLPH, CHIEF JUSTICE, DISSENTING:**

¶20.    There is a distinction between interpreting a venue statute and reviewing the action of the trial judge. As to the former, "[v]enue is a function of statute." *Forrest Gen. Hosp. v. Upton*, 240 So. 3d 410, 415 (Miss. 2018) (internal quotation marks omitted) (quoting *Park on Lakeland Drive, Inc. v. Spence*, 941 So. 2d 203, 206 (Miss. 2006)). Thus, "if the interpretation of the venue statute is at issue, this Court will review the trial court's decision de novo." *Holmes v. McMillan*, 21 So. 3d 614, 617 (Miss. 2009) (citing *Hedgepeth v. Johnson*, 975 So. 2d 235, 238 (Miss. 2008)). As to the actions of the trial judge, this Court "applies an abuse of discretion standard of review" when reviewing "a trial court's ruling on a motion to change venue[.]" *Upton*, 240 So. 3d at 415 (internal quotation marks omitted) (quoting *Spence*, 941 So. 2d at 206).

¶21.    In reviewing a motion to dismiss for lack of venue, this Court "begin[s] with the well-pleaded allegations of the complaint," *Spence*, 941 So. 2d at 207 (quoting *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992)), and this Court "will consider the allegations in the complaint to be taken as true." *Id.* at 206 (citing *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1275 (Miss. 2006)). The plaintiff must have "asserted a reasonable claim of liability against" the defendant. *Id.* at 204.

10

¶22. Mississippi Code Section 11-11-3 provides a number of options for the plaintiff to select a permissible venue:

(1)(a)(i)    Civil actions of which the circuit court has original jurisdiction *shall*[4] be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury[/damage[5]] occurred . . . .

(2)    If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident *may*[6] be commenced in the county where the plaintiff resides or is domiciled

Miss. Code Ann. § (1)(a)(i), (2) (Rev. 2019). This Court has consistently held that "[o]f right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." ***Upton***, 240 So. 3d at 415 (alteration in original) (internal quotation marks omitted) (quoting ***Tanksley***, 608 So. 2d at 1155); *see also* ***Wood v. Safeway Ins. Co.***, 114 So. 3d 714, 717-18 (Miss. 2013); ***Snyder v. Logan***, 905 So. 2d 531, 533 (Miss. 2005) (quoting ***Guice v.***

---

[4] This Court has stated that the word shall indicates a mandatory provision in a statute. *See, e.g.*, ***Wallace v. State***, 360 So. 3d 231, 237 (Miss. 2023).

[5] Merriam-Webster Thesarus defines injury as "something that causes loss or pain." Merriam-Webster,Injury, https://www.merriam-webster.com/thesaurus/injury#thesaurus-entry-1-2 (last visited Sept. 18, 2025). Damage is a synonym for injury. *Id.* Hereinafter, injury will be stated "injury/damage" for clarity.

[6] Regarding statutory construction, this Court has stated that may is discretionary when used in a statute. *See, e.g.*, ***Wallace***, 360 So. 3d at 237.

11

*Miss. Life Ins. Co.*, 836 So. 2d 756, 758 (Miss. 2003)). To litigate in a state court in Mississippi, Daphne Lever could have selected either Madison County or Hinds County as a permissible venue under the statute.[7] Since she selected Hinds County, the trial court's ruling must be upheld. *See Greenwood v. Mesa Underwriters Specialty Ins. Co.*, 179 So. 3d 1082, 1087 (Miss. 2015).

¶23. Throughout these proceedings, NHIC argued that the medical bills Lever incurred in Hinds County did not constitute either a "substantial alleged act or omission" or "a substantial event that caused the injury[/damage]" to Lever. § 11-11-3(1)(a)(i). The majority follows the defendant's argument and adds that the *defendant* must have caused the "substantial event" for venue to lie in Hinds County. However, neither the venue statute nor Mississippi case law supports that requirement.

¶24. The statute says, "the county . . . where a substantial event that caused the injury[/damage] occurred." § 11-11-3(1)(a)(i). The plaintiff asserts that the injury/damage here involved incurring such a substantial debt, which the plaintiff alleges the defendant owed based on its insurance contract. If proved, that creates NHIC's legal duty to pay. The suggestion that the defendant must cause the injury/damage is found nowhere in the language of the statute. A "substantial event" need only have "occurred" in that county to provide a basis for permissible venue. § 11-11-3(1)(a)(i). The use of the indefinite article *a* shows that

---

[7] The record is unclear as to where the third-party administrator and National Health Insurance Co. reside. The record states that they are "foreign corporations."

12

different events are possible that could warrant permissible venue rather than one specific event caused by the defendant. *See **Tanksley***, 608 So. 2d at 1157 ("Torts arise from breaches of duties causing injuries, and it is common experience that breach and causation and impact do not always happen at once."). The contract and tort worlds are no different.

¶25.    The definitions of *event* and *substantial* offer further evidence of "a substantial event." § 11-11-3(1)(a)(i). Examining the text of the statute, we look to the common usage of the words as found in a dictionary. The word *event* means "something that takes place . . . a significant occurrence." *Event*, Webster's II: New College Dictionary (Margery S. Berube et al. eds., 2001). The word *substantial*, the adjective modifying *event*, means "[b]eing of considerable importance, value, degree, *amount*, or extent." *Substantial*, Webster's II: New College Dictionary (emphasis added). An event can have a number of causes, and multiple occurrences constitute separate events. *See **Tanksley***, 608 So. 2d at 1157. To prove substantial, an event must be beyond common or ordinary. Furthermore, neither the definitions, the language of the venue statute, nor case law hold that the defendant need have caused the injury/damage; the injury/damage merely needs to have *occurred* in the county for venue to lie. § 11-11-3(1)(a)(i); *see also **Med. Assurance Co. of Miss. v. Myers***, 956 So. 2d 213, 219 (Miss. 2007) ("[The venue statute] specifically requires a substantial alleged . . . injury-causing event *to have happened* in a particular jurisdiction in order for venue to be proper there." (emphasis added); *infra.* ¶¶ 26-29.

13

¶26. This Court has issued several decisions post-*Myers* that clearly distinguish *Myers* and provide examples of substantial events in the context of a *denial* of insurance benefits, as does today's case. For instance, in *Hedgepeth*, the plaintiffs sued over a denied insurance claim due to damages from a substantial weather event—Hurricane Katrina. *Hedgepeth*, 975 So. 2d at 237, 240. The hurricane was a substantial event that caused the injury/damage under the venue statute because Hurricane Katrina caused the plaintiffs' losses, which generated a claim that State Farm Fire & Casualty Insurance Co. denied elsewhere. *Id.* at 237, 240. This Court held that since the hurricane "occurred in Jackson County, Jackson County [was] a proper venue[.]" *Id.* at 240. Obviously, State Farm did not cause Hurricane Katrina, yet this Court held that the hurricane was a substantial event that caused the plaintiff's injury/damage. *Id.* at 237, 240.

¶27. Similarly, both *Holmes* and *Wood* involved breach-of-contract claims, alleging denial of insurance benefits, not nonrenewal of a policy for which no legal duty existed, as in *Myers*. In *Holmes*, this Court held Rankin County was a permissible venue because "the location where the accident occurred, giving rise to this suit, is physically in Rankin County." *Holmes*, 21 So. 3d at 618. State Farm Mutual Automobile Insurance did not cause the car accident that resulted in the insured's incurrence of injuries/damages. That accident "certainly occurred in Rankin County[,] . . . [and was] 'a substantial event that caused the injury.'" *Id.* at 618. Similarly, in *Wood*, Smith County was a permissible venue because "[t]he county where a substantial event (car accident) occurred is Smith. Thus . . . Smith

14

County is a permissible venue." ***Wood***, 114 So. 3d, at 717. Once again, Safeway Insurance Co. did not cause this car accident. This Court held that the county where the accident occurred was the county in which "a substantial event" occurred. § 11-11-3(1)(a)(i).

¶28.    In ***Greenwood v. Mesa Underwriters Specialty Insurance Co.***, this Court reviewed yet another venue challenge in a lawsuit regarding denial of coverage. ***Greenwood v. Mesa Underwriters Specialty Ins. Co.***, 179 So. 3d 1082 (Miss. 2015). Greenwood dismantled a building in Warren County. ***Id.*** at 1084. A common wall came tumbling down and caused damage/injury to the owner of an adjoining building. ***Id.*** Greenwood's insurance company denied Greenwood indemnity coverage and refused to defend him. ***Id.***

¶29.    We held that the "dismantling of the . . . building and the resultant lawsuit constitutes 'a substantial event that caused injury' . . . . [So] [v]enue was proper in Warren County." ***Id.*** at 1087. Like ***Hedgepeth***, ***Holmes***, and ***Wood***, the insurance companies—State Farm Fire & Casualty, State Farm Mutual Automobile, and Safeway—did not cause the injury/damage that resulted in the denial of insurance coverage. Again, this Court held that venue was permissible in the county in which the event occurred: "It is true . . . that venue would be proper in the present case in Rankin County . . . or in Grenada County . . . . But it is not true that our law prevents the plaintiff from selecting Warren County, the county 'where a substantial event that caused the injury occurred.'" ***Greenwood***, 179 So. 3d at 1087. In none of these post-***Myers*** cases did the insurance company cause the underlying injury/damage

15

alleged by the plaintiffs. Each time, this Court found that a substantial event can be one of any number of substantial events that occur. § 11-11-3(1)(a)(i).

¶30. Lever has alleged that she incurred substantial medical bills (thousands of dollars) in Hinds County. She asserts that she stayed at St. Dominic's Hospital for three days, which is a substantial event to most any person.

¶31. Lever separately asserts a breach of an existing contract and that NHIC had contractually promised to pay for her medical bills. Lever further asserts that NHIC paid some of her medical bills to St. Dominic's in Hinds County but now refuses to pay the remaining $15,063.85, not an insubstantial amount. The defendant acknowledges the presence of an existing insurance policy, but NHIC denies coverage as to $15,063.85, a "considerable . . . amount" for any person. " *Substantial*, Webster's II: New College Dictionary. Such a denial is not an unsubstantial event. Lever alleges that NHIC breached its contract with her in Hinds County. NHIC refuses to pay under Lever's policy.

¶32. The defendant's mistaken reliance on the argument that *Myers* dictates today's result is misplaced. Every case cited post-dates *Myers*, and this Court has distinguished *Myers* in each of them. *Myers* is easily distinguishable because *Myers* did not involve denial of contractually promised insurance benefits. *Myers*, 956 So. 2d at 215. *Myers* was an "action between a doctor and his *former* medical malpractice insurer [regarding] venue." *Myers,* 956 So. 2d at 214 (emphasis added).

16

¶33. In *Hedgepeth*, *Holmes*, *Wood*, and *Greenwood*, the alleged insured parties suffered injuries/damages for which they asserted that a legal duty for insurance coverage existed. Myers did not allege either that a legal duty for insurance coverage existed or that a claim-generating injury/damage occurred because the insurance company had no obligation to renew Myers's policy nor was this court impressed with Myers's attempts at piling assertions. *Myers*, 956 So. 2d at 219-20. Myers essentially failed to "assert[] a reasonable claim of liability" against the defendant. *Spence*, 941 So. 2d, at 204. In this case, Lever asserted that NHIC paid only a portion of her expenses under her existing insurance policy but not all of those expenses. Lever has asserted that NHIC breached its legal duty to pay for her covered treatment, an "assert[ion] [of] a reasonable claim of liability." *Id.*

¶34. The majority further overlooks another factual disparity between *Myers* and the current case. *Myers* did address the "piling" of acts or events when establishing venue, which the venue statute does not allow. *Myers*, 956 So. 2d at 219 (internal quotation marks omitted). Piling, the reason for the trial court's decision in *Myers*, did not occur in this case because Lever did not pile on a multitude of alleged wrongdoings but only made separate assertions that conclusively establish a basis for venue on their own.

¶35. For these reasons, I would affirm the decision of the trial court. I respectfully dissent.

**KING, P.J., ISHEE AND SULLIVAN, JJ., JOIN THIS OPINION.**