748 So.2d 194 (1999)
Ex parte Ronnie W. OVERSTREET, Sr.
(Re Arrow Construction, Inc. v. Ronnie W. Overstreet, Sr., et al.).
1981180.
Supreme Court of Alabama.
October 22, 1999.
*195 Robert E. Sasser, Tamara A. Stidham, and Craig M. Stephens of Sirote & Permutt, P.C., Montgomery; and Ronnie E. Keahey, Grove Hill, for petitioner.
A. Wesley Pitters, Montgomery, for respondent.
MADDOX, Justice.
Ronnie W. Overstreet, Sr., is a defendant in an action pending in the Montgomery County Circuit Court. He petitions for a writ of mandamus directing the trial judge to vacate his order denying Overstreet's motion for a change of venue and directing the trial judge to grant the motion and transfer this case to the Clarke County Circuit Court. For the reasons discussed below, we grant the petition and issue the writ.

Facts and Procedural History
Overstreet had been employed by Arrow Construction, Inc. ("Arrow"), the plaintiff in the action pending in the Montgomery Circuit Court. Arrow is a construction company that builds "heavy" construction projects, such as highways.[1] Arrow is an Alabama corporation with its principal place of business in Montgomery County. Overstreet lives on a farm near Jackson, in Clarke County.
Overstreet was the superintendent in charge of several of Arrow's construction projects in south Alabama. Because of the proximity of Overstreet's farm to those project sites, his farm served as a temporary storage location for construction equipment alleged by Arrow to be its property. In June 1998, according to Arrow's complaint, the south Alabama construction projects were completed and Arrow asked Overstreet to return its equipment. Arrow alleges that Overstreet failed to do so.
On January 22, 1999, Arrow sued Overstreet in the Montgomery Circuit Court, alleging that he had converted to his own use, and had wrongfully detained, Arrow's property. Arrow also named two fictitious defendants in its complaint and alleged that they had "combined and concurred with" Overstreet in converting and wrongfully detaining Arrow's property. On February 22, 1999, Overstreet moved for a change of venue. As grounds for a change of venue, Overstreet asserted that he was a resident of Clarke County and that the property that was the subject of Arrow's action was located in Clarke County. The trial judge denied Overstreet's motion for a change of venue.
On April 8, 1999, Arrow amended its complaint to list "DJ's Ground Maintenance" and "Ronnie Overstreet, Sr., d/b/a DJ's Ground Maintenance" as additional defendants. Shortly thereafter, Overstreet filed this petition for the writ of mandamus, asking this Court to order the trial court to transfer Arrow's lawsuit to the Clarke Circuit Court.

*196 Standard of Review

The writ of mandamus is an extraordinary remedy, and one seeking that writ must show: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). It is also well settled that "[i]n cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion [but that] it may not issue to control the exercise of discretion except in a case of abuse." Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990) (emphasis added).

Discussion
As this Court has frequently held, proper venue for an action is determined at the commencement of the action. Ex parte Mitchell, 690 So.2d 356 (Ala. 1997); Ex parte Parker, 413 So.2d 1105 (Ala.1982); Ex parte Wilson, 408 So.2d 94 (Ala.1981); see also Rule 82(d)(1), Ala. R. Civ. P. If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper. Parker, supra; Rule 82(d)(1), Ala. R. Civ. P.
Section 6-3-2, Ala.Code 1975, governs venue of actions against individuals. It provides that such an action must be brought in the county of the defendant's residence or "in the county in which the act or omission complained of may have been done or may have occurred." § 6-3-2(a)(3); see also Rule 82(b)(1)(A), Ala. R. Civ. P. That Code section applies to cases, such as this one, in which a plaintiff alleges conversion of property. Ex parte Sierra Dev., Inc., 652 So.2d 251 (Ala.1994). Further, in a detinue action, venue is proper in any county where the property sued for may be found in the possession of the defendant. Jones v. Norman Fountain Contractor, Inc., 435 So.2d 729 (Ala.1983).
Based on these principles, we conclude that the proper venue for Arrow's action is (1) the county of the defendant's residence; (2) "the county in which the act or omission complained of may have been done or may have occurred," § 6-3-2(a)(3), Ala.Code 1975; or (3) the county where the property that is the subject of the detinue count is located. The question, then, is whether Montgomery County falls within any of these three categories. If it does not, then it is not a proper venue. We will first address this question as it relates to Overstreet, who was the only named defendant at the time the action was filed. If Montgomery County was not a proper venue at the time Arrow filed its action, then we will address the question whether Arrow's amendment purporting to add new defendants made Montgomery County a proper venue.
Does Montgomery County fall within the first category? That is, is Montgomery County Overstreet's county of residence? It appears undisputed that Overstreet is a resident of Clarke County. In fact, Arrow's complaint states: "Defendant Ronnie Overstreet is over the age of [19 years] and a resident of Jackson, Clark[e] County, Alabama." It is clear that Montgomery County is not the county of Overstreet's residence.
Does Montgomery County fall within the second category? That is, did "the act or omission complained of" occur in Montgomery County? Arrow argues that Overstreet took the property in question from Montgomery County. It is evident, however, from Arrow's statement of facts included in its response brief (see n. 1), that such was not the case. Arrow's brief states: "The equipment [was] taken from Montgomery to construction sites in the Baldwin [County] and Mobile County area, with the understanding that Mr. Overstreet would allow the company to keep or store [it] on his farm in Jackson and [that] upon completion of the projects he *197 would return [the equipment] to Montgomery." (Brief of Respondent at 4-5; emphasis added.) Thus, it is apparent that Arrow made no objection when the equipment was taken from its Montgomery facility, because it was being taken to south Alabama to be used there on Arrow's construction projects. Further, it appears that the equipment was stored for a period at Overstreet's farm in Clarke County with the full knowledge and consent of Arrow. It was apparently only after those projects were completed that, according to Arrow, Overstreet refused to return property that was being stored at his farm and that the dispute between Arrow and Overstreet arose. Therefore, it appears that the "act or omission" complained of took place in Clarke County, rather than Montgomery County.
Does Montgomery County fall within the third category? That is, is the property that is the subject of the detinue count located in Montgomery County? It appears undisputed that, since Arrow filed its action, the property at issue has been located in Clarke County.
Based on this analysis, we must conclude that at the commencement of Arrow's action Montgomery County was not a proper venue for that action.
Did Arrow's amendment purporting to add additional defendants after the action was filed make Montgomery County a proper venue?[2] Overstreet argues that it did not. Arrow does not argue this point in its brief.
We conclude that Overstreet is correct. In Ex parte Smith, 423 So.2d 844 (Ala. 1982), this Court held that the substitution of a party for a fictitiously named party would relate back to the date of the commencement of the action for the purpose of determining proper venue. However, this Court also held that the addition of a new party, as distinguished from the substitution of a party for a previously named fictitious party, would not relate back for purposes of determining proper venue. Arrow did list two fictitious parties in its complaint. When it amended its complaint, however, it purported to add "DJ Ground Maintenance" and "Ronnie Overstreet, Sr., d/b/a DJ's Ground Maintenance," as additional defendants; it did not purport to substitute them for the fictitiously named parties. Thus, even assuming the amendment had the effect of adding additional parties, that amendment did not relate back to the date of the filing of the complaint and did not make Montgomery County a proper venue.

Conclusion
We conclude that Overstreet has met the requirements for the issuance of the writ of mandamus. Montgomery County is not a proper venue for Arrow's action, and it was, therefore, an abuse of discretion for the trial judge to deny Overstreet's motion for a change of venue. Accordingly, we direct the trial judge to vacate his order denying Overstreet's motion for a change of venue, and we further direct the trial judge to grant the motion and transfer the underlying case to the Clarke Circuit Court.
PETITION GRANTED; WRIT ISSUED.
HOOPER, C.J., and COOK, LYONS, and JOHNSTONE, JJ., concur.
NOTES
[1] Because we are considering a petition for the writ of mandamus, we do not have a thorough transcript upon which to base our review of the legal arguments presented. In accordance with Rule 21(a), Ala. R.App. P., however, Overstreet's petition "contain[s] a statement of the facts [Overstreet considered] necessary to an understanding of the issues presented by the application." Further, in compliance with this Court's order of June 15, 1999, Arrow has filed a response brief, which also includes a statement of facts. This Court has considered the facts as stated by both parties.
[2] Arrow alleges that the defendants it purported to add do business in Montgomery County.