# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-00452-SCT

*FORREST GENERAL HOSPITAL, J. KEITH THOMPSON, HATTIESBURG CLINIC, GRIF A. LEEK AND SOUTH MISSISSIPPI EMERGENCY PHYSICIANS, P.A.*

*v.*

*STEVEN DALE UPTON*


| | |
|---|---|
| DATE OF JUDGMENT: | 03/15/2016 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | ROBERT D. GHOLSON |
| | WALTER W. DUKES |
| | MILDRED M. MORRIS |
| | SETH C. LITTLE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WALTER W. DUKES |
| | JAMES K. DUKES |
| | DRURY S. HOLLAND |
| | MICHAEL R. MOORE |
| | JOHN A. BANAHAN |
| | DAVID B. MILLER |
| ATTORNEYS FOR APPELLEE: | DREW M. MARTIN |
| | CHUCK McRAE |
| | CHRISTOPHER A. BAMBACH |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 04/19/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH
## NO. 2016-IA-00455-SCT

*DR. GRIF A. LEEK, SOUTH MISSISSIPPI*
*EMERGENCY PHYSICIANS, P.A., DR. J. KEITH*
*THOMPSON AND HATTIESBURG CLINIC, P. A.*

*v.*

*STEVEN DALE UPTON*

DATE OF JUDGMENT:   03/15/2016
TRIAL JUDGE:    HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS: WALTER W. DUKES
        JAMES K. DUKES
        DRURY S. HOLLAND
        MICHAEL R. MOORE
        JOHN A. BANAHAN
        DAVID B. MILLER
ATTORNEYS FOR APPELLEE:  DREW M. MARTIN
        CHUCK McRAE
        CHRISTOPHER A. BAMBACH
NATURE OF THE CASE:   CIVIL - MEDICAL MALPRACTICE
DISPOSITION:     REVERSED AND REMANDED - 04/19/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

  **EN BANC.**

  **CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. This interlocutory appeal arises from the Hinds County Circuit Court's denial of a motion to transfer venue. Under Mississippi law, venue is determined at the time the lawsuit originally is filed. The resolution of this appeal hinges on the application of this principle to an issue of first impression for this Court: does an amended complaint, which names a new party to the suit, relate back to the time of filing of the original complaint for the purposes of determining venue? We find that it does not.

2

¶2.    Thus, because the suit here was filed in Hinds County—naming only Forrest County defendants and the amended complaint does not relate back to the time of filing for the purposes of determining venue—the circuit court abused its discretion in denying the motion to transfer venue.  We reverse the judgment of the circuit court and remand the case to be transferred to the Circuit Court Forrest County.

## FACTS AND PROCEDURAL HISTORY

¶3.    On March 16, 2014, Steven Upton "experienced severe pain and numbness in his left hand."  Due to the pain, Upton went to the Emergency Department at Forrest General Hospital ("FGH").  FGH—according to Upton—administered a Doppler Ultrasound that revealed a "total blockage of blood flow to the tested area."  After the test, Dr. Grif A. Leek, a physician employed by South Mississippi Emergency Physicians, P.A. ("SMEP"), met with Upton.  Almost seven hours after Upton's original test, Dr. J. Keith Thompson, a physician employed by the Hattiesburg Clinic, P.A. ("HC"), operated on Upton's left hand to "relieve the blockage . . . [and] restore blood flow."  Also, Upton claimed that FGH failed to provide him with antibiotics or wraps after the surgery.

¶4.    Upton was discharged from FGH and alleged that he returned on April 3, 2014, for a post-operative appointment with Thompson.  Upton maintained that he was suffering from reperfusion syndrome upon his return to FGH.  According to Upton, Thompson did not prescribe any medication and told Upton to return in one month.

¶5.    Nine days later, Upton experienced "extreme pain" in his hand and sought treatment at the University of Mississippi Medical Center ("UMMC").  Upton stated that UMMC

administered antibiotics and informed him that had he waited thirty days, as instructed by Thompson, it would have been necessary to amputate his hand. Upton also claimed that he suffered from a number of other medical conditions that were not discovered by FGH including: kidney failure, heart failure, and a pericardial cyst.

¶6. Upton was left-handed and employed previously as an electrician. He claimed that he was disabled permanently in his left hand and unable to resume his employment. Upton also maintained that he was suffering from kidney and liver damage due to UMMC having to "administer[] extremely potent antibiotics to combat the damage already done to his hand."

¶7. On June 18, 2015, Upton filed suit in the Hinds County Circuit Court. The complaint named Forrest County, Mississippi; FGH, Thompson; Leek; HC; and SMEP (collectively, "Forrest County defendants") as defendants. The complaint also named John and Jane Does #1–10. All of the named defendants were located and had acted in Forrest County. The complaint claimed that "venue is proper in Hinds County, Mississippi, pursuant to Miss. Code Ann. § 11-11-3 as the acts or omissions that serve as the basis of the Plaintiff's claims continued to occur and, additionally, were discovered in Hinds County, Mississippi." The complaint alleged five counts: negligence, gross negligence, respondeat superior, negligent infliction of emotional distress, and breach of fiduciary duty. Also, the complaint did not name UMMC as a defendant but stated that UMMC "promptly and properly treated to attempt to correct" Upton's kidney failure.

¶8. In response to Upton's complaint, Thompson and HC wrote Upton to explain that, pursuant to Mississippi Code Section 11-11-3(3) venue was proper only in Forrest County.

4

On July 9, 2015, Upton responded: "we have recently discovered acts of medical malpractice which occurred in Hinds County. Therefore . . . Hinds County is a proper venue."

¶9. On July 13, 2015, Upton filed his "First Amended Complaint." For the first time, Upton named UMMC and Dr. Sumona Smith[1] as defendants. The amended complaint still named the Forrest County defendants and John and Jane Does # 1–10.

¶10. In the amended complaint, Upton claimed that "UMMC failed to properly monitor [Upton]." Upton claimed that UMMC performed only one check on his international normalized ratio throughout his ten-day hospitalization. Further, according to the amended complaint, Smith's decision that "there was no need for vascular intervention" resulted in no action being taken by UMMC for the first three days of Upton's hospitalization. Upton maintained that this "required the orthopedic surgeon to remove much more of the muscle and tissue within the hand than would have been necessary if the surgery had been ordered by Dr. Smith three . . . days prior." Also, the amended complaint still mentioned UMMC's treatment of Upton's kidney failure but omitted the language that the treatment was done "promptly and properly."

¶11. Next, the defendants answered the amended complaint. Leek, SMEP and FGH filed motions to dismiss or, in the alternative, for severance and transfer to Forrest County. Forrest County, Mississippi, and UMMC also requested to be dismissed from the suit.[2] Next, Thompson, Leek, HC, SMEP and FGH noticed a hearing on the motions to dismiss or

---

[1]Smith was dismissed by stipulation on October 28, 2015.

[2] Neither Forrest County, Mississippi, nor UMMC noticed its request for dismissal for hearing.

transfer.

¶12.    At the hearing, Thompson, Leek, HC and SMEP argued that all of the original causes of action alleged by Upton occurred in Forrest County. They noted that UMMC originally was not a party and that Upton had claimed that UMMC had "promptly and properly" treated Upton. Also, they argued that venue was improper under Section 11-11-3(3) and that any claims against UMMC were severable. FGH maintained that Mississippi Code Section 11-46-13(2)—the venue statute within the Mississippi Tort Claims Act ("MTCA")—applied to FGH and mandated that Forrest County was the sole venue for the suit.

¶13.    In response, Upton stated that he originally had filed the claim under the

> general venue statute[3] . . . being that a substantial event occurred in Hinds County which is his treatment at UM[M]C, his discovery of what exactly happened to his left-hand and the seven or eight surgeries that had to happen to correct the errors of [FGH] in his treatment.

Concerning the arguments that Forrest County was the only proper venue, Upton noted that the amended complaint named UMMC and stated: "if you find that everybody has been joined correctly and that venue is correct under the venue statutes for one of the defendants, then it applies to all of them." Upton also represented that he had spoken to his experts concerning possible negligence on the part of UMMC before he had received Thompson's and HC's letter which suggested transfer of venue to Forrest County. Upton, though, maintained that he was unable immediately to add UMMC to the suit due to notice requirements under the MTCA. In closing, Upton advised the trial court that if it was to find

---

[3]We presume that Upton was referring to Mississippi Code Section 11-11-3(1). His argument concerning the general venue statute was prompted by the trial court's question: "So what was the basis of [the suit] being filed here initially?"

6

that venue is not proper in Hinds County, then Upton would argue against severance of any of the defendants.

¶14.    In rebuttal, Thompson and HC provided the court with their letter to Upton and argued that the suit could not be brought properly under the general venue statute given the medical defendants.  FGH reiterated that the suit against it was subject to Section 11-46-13(2) under the MTCA.  At the end of the hearing, UMMC informed the court that it would waive its right to trial in Hinds County due to the number of defendants from Forrest County.

¶15.    The court entered an order denying the defendants' motion to transfer venue on March 15, 2016.  It found that "venue of this action lies appropriately in either Hinds County or Forrest County" and that "the plaintiff's choice of Hinds County is appropriate."  Pursuant to this Court's grant of interlocutory appeal, Thompson, Leek, HC, SMEP and FGH now appeal the trial court's denial of the motion to transfer.[4]

## STATEMENT OF THE ISSUES

¶16.    Thompson, Leek, HC and SMEP raise three issues before us: (1) that venue is determined by the filing of the original complaint and not the amended complaint, (2) that Upton fraudulently joined UMMC to establish venue in Hinds County, and (3) that venue is proper only in Forrest County.  FGH raises two issues: (1) venue is proper only in Forrest County and (2) the allegations against UMMC are unrelated to the claims against FGH.

¶17.    Upon review of the briefs, we entered an order, directing the parties to provide simultaneous briefing on the following issues:

---

[4]This Court consolidated the two interlocutory petitions on appeal.

7

I.      Whether the record before this Court, without the notice letters sent by Steven Upton to each defendant, is sufficient in order to determine on what date the statute of limitations would have tolled as to each defendant;

II.     Whether the Appellants or the Appellee bore the burden of producing the necessary evidence to demonstrate when the statute of limitations would have tolled;

III.    Whether Rule 21 of the Mississippi Rules of Civil Procedure governs the addition of UMMC to the suit, given the plain language of Rule 21 and this Court's precedent in *Veal v. J.P. Morgan Tr. Co.*, 955 So. 2d 843 (Miss. 2007).

Thompson, Leek, HC, SMEP and FGH jointly filed a supplemental brief. Before answering the above issues, Upton urged this Court to address only the transfer-of-venue issue and argued that issues concerning the statute of limitation were not before the Court. We agree that statute-of-limitation issues are not before us and address only the denial of the motion to transfer venue.

¶18.    Thus, the question before this Court is whether or not the trial court erred by refusing to transfer venue from Hinds County to Forrest County.[5] Answering this question requires a two-part analysis. First, we must determine if venue in Hinds County was proper at the time of filing of the original complaint. Second, we must decide whether Upton's addition of the Hinds County defendants in his amended complaint related back to the time of filing of the original complaint for the purpose of determining venue. Ultimately, we find that the trial court abused its discretion by denying the motion to transfer venue to Forrest County.

---

[5]Thompson's, Leek's, HC's and SMEP's argument that the suit should have been dismissed is procedurally barred on appeal. *See Webb v. DeSoto Cty.*, 843 So. 2d 682, 685 (Miss. 2003) ("Failure to cite legal authority in support of an issue is a procedural bar on appeal.").

**STANDARD OF REVIEW**

¶19.   "[W]hen reviewing a trial court's ruling on a motion to change venue, this Court applies an abuse of discretion standard of review." *Park on Lakeland Drive, Inc. v. Spence*, 941 So. 2d 203, 206 (Miss. 2006).  Further, "[t]his Court applies the de novo standard of review when deciding issues of law." *Wayne Gen. Hosp. v. Hayes*, 868 So. 2d 997, 1000 (Miss. 2004).

**ANALYSIS**

### I.   Venue

¶20.   Thompson, Leek, HC and SMEP argue that venue is determined at the time of filing. Upton argues that if venue is good as to one defendant it is good as to all.

¶21.   "Venue is a function of statute." *Park on Lakeland Drive*, 941 So. 2d at 206 (citing *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992)).  "'In venue disputes courts begin with the well-pleaded allegations of the complaint.  These, of course, may be supplemented—and contested—by affidavits or other evidence in cognizable form.'" *Mississippi Dep't of Human Servs. v. S.C.*, 119 So. 3d 1011, 1013 (Miss. 2013) (quoting *Flight Line*, 608 So. 2d at 1155).

¶22.   It is settled law that "[o]f right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." *Flight Line*, 608 So. 2d at 1155 (footnote omitted). "However, venue is a valuable right to the defendant as well and timely objections to improper venue must be honored." *Park on Lakeland Drive*, 941 So. 2d at 207.

9

¶23. Several venue statutes are implicated in this suit. Subsection one of Mississippi's general venue statute provides for venue in general civil litigation. Miss. Code Ann. § 11-11-3(1) (Rev. 2004). Subsection three governs venue in suits brought against medical defendants. Miss. Code Ann. § 11-11-3(3). It provides:

> (3) Notwithstanding subsection (1) of this section, *any action* against a licensed physician, osteopath, dentist, nurse, nurse-practitioner, physician assistant, psychologist, pharmacist, podiatrist, optometrist, chiropractor, institution for the aged or infirm, hospital or licensed pharmacy, including any legal entity which may be liable for their acts or omissions, for malpractice, negligence, error, omission, mistake, breach of standard of care or the unauthorized rendering of professional services *shall be brought only in the county in which the alleged act or omission occurred.*

*Id*. (emphasis added). Lastly, Section 11-46-13(2) governs the venue of a suit against the state or a political subdivision under the MTCA.[6] Miss. Code Ann. § 11-46-13(2) (Rev. 2012). It reads:

> (2) The venue for any suit filed under the provisions of this chapter against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place. The venue for all other suits filed under the provisions of this chapter shall be in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located. The venue specified in this subsection shall control in all actions filed against governmental entities, notwithstanding that other defendants which are not governmental entities may be joined in the suit, and notwithstanding the provisions of any other venue statute that otherwise would apply.

*Id*.

¶24. Venue is determined at the time that the lawsuit is filed. ***Austin v. Wells***, 919 So. 2d

---

[6]Forrest County, Mississippi, and FGH are "political subdivsion[s]" under the MTCA. *See* Miss. Code Ann. §§ 41-13-10(c) (Rev. 2013), 11-46-1(i). Further, UMMC is within the definition of "[s]tate" under the MTCA. *See* Miss. Code Ann. § 11-46-1(j).

961, 964 (Miss. 2006). "[W]e have held that 'proper venue is determined at the time the lawsuit is originally filed, and subsequent dismissal of the defendant upon whom venue is based does not destroy proper venue.'" *Id*. (quoting *Estate of Jones v. Quinn*, 716 So. 2d 624, 628 (Miss. 1998)). Further, "'[i]n suits involving multiple defendants, where venue is good as to one defendant, it is good as to all defendants.'" *Estate of Jones*, 716 So. 2d at 627 (quoting *Blackledge v. Scott*, 530 So. 2d 1363, 1365 (Miss. 1988)).

¶25. Also, Rule 82(c) addresses suits with multiple claims and parties. M.R.C.P. 82(c). It reads, in part: "Where several claims or parties have been properly joined, the suit *may be brought* in any county in which any one of the claims *could properly have been brought*." M.R.C.P. 82(c) (emphasis added). In the next subsection, Rule 82 addresses improper venue: "When an action is *filed* laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been *filed* and the case shall proceed as though originally *filed* therein." M.R.C.P. 82(d) (emphasis added).

¶26. Here, venue was not proper in Hinds County at the time of filing. The initial complaint named only the Forrest County defendants and the John and Jane Does # 1–10. Concerning venue, the complaint pleaded:

> [V]enue is proper in Hinds County, Mississippi, pursuant to Miss. Code Ann. § 11-11-3 as the acts or omissions that serve as the basis of the Plaintiff's claims continued to occur and, additionally, were discovered in Hinds County, Mississippi. The inadequate treatment by the Defendants commenced in Forrest County but continued to inflict damages upon the Plaintiff while in Hinds County, Specifically, the Plaintiff was forced to undergo extensive treatment, costs, and further pain and suffering in Hinds County as a result of the Defendants' continuing tortious actions against the Plaintiff.

11

Upton's complaint did not allege that any of the fictitious John or Jane Does resided or acted in Hinds County. Moreover, none of the named defendants in the original complaint was a resident of Hinds County. Also, the Forrest County defendants treated Upton only in Forrest County, not Hinds County.

¶27.    It is undisputed that the Forrest County defendants did not commit any act within Hinds County to establish venue against them. When confronted by Thompson's and HC's letter requesting transfer of the suit to Forrest County, Upton responded: "[W]e have recently discovered acts of medical malpractice which occurred in Hinds County. Therefore, pursuant to Miss. Code Ann. § 11-11-3(3), Hinds County is a proper venue in this action[,] and we will soon be amending our complaint to reflect that finding." Given that the original complaint was filed almost a month before this letter, Upton seems to concede that venue was not established by the original complaint. He also conceded at the hearing that the basis for filing the suit in Hinds County initially was "under the general venue statute." Further, on appeal, Upton does not argue that the original complaint established venue. Instead, Upton argues that the amended complaint properly joined UMMC and relates back to the time of filing the suit. Regardless, the Forrest County defendants all resided and acted within Forrest County.

¶28.    Thus, venue was improper in Hinds County when the suit was filed. Suits against HC, SMEP, Thompson and Leek all are governed by Section 11-11-3(3), which requires that they be sued "only in the county in which the alleged act or omission occurred." Miss. Code Ann. § 11-11-3(3); *see Adams v. Baptist Mem'l Hosp.-DeSoto, Inc.*, 965 So. 2d 652, 656 (Miss.

2007) ("[T]he only proper venue for a suit against medical providers is the county in which the alleged act or omission occurred."). Likewise, FGH, a community hospital, shall be sued only "in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located." Miss. Code Ann. § 11-46-13(2); *see Wayne Gen. Hosp. v. Hayes*, 868 So. 2d 997, 1003–05 (Miss. 2004) (holding that venue for a community hospital under the MTCA is proper only in the county in which the principal offices of the hospital are located). No allegations in the record support a finding that venue in Hinds County was proper under the original complaint.

¶29. Explaining the decision to file the suit first in Hinds County against only Forrest County defendants and later add UMMC and Smith, Upton argued at the hearing that he could not immediately add UMMC or Smith to the complaint due to notice requirements under the MTCA. *See* Miss. Code Ann. § 11-46-11. This argument, though, only distracts from the issue at hand. It does not matter why Upton could or could not sue UMMC or Smith at the time of filing the complaint. The issue is that Upton commenced a suit against defendants in an improper venue. At the time of filing, venue was improper as to all defendants in the suit.

## II.    Relation Back to the Time of Filing

¶30.    We now turn to the second issue in our analysis: whether Upton's addition of UMMC in the amended complaint relates back to the time of filing of the original suit for the purpose of determining venue. Upton argues that it does, but Thompson, Leek, HC, SMEP, and FGH contend that the original complaint should govern this Court's analysis.

13

¶31.    Mississippi Rule of Civil Procedure 15(c), which governs Mississippi's relation-back

doctrine, provides:

> **(c) Relation Back of Amendments.** Whenever the claim or defense asserted
> in the amended pleading arose out of the conduct, transaction, or occurrence
> set forth or attempted to be set forth in the original pleading, the amendment
> relates back to the date of the original pleading.  An amendment changing the
> party against whom a claim is asserted relates back if the foregoing provision
> is satisfied and, within the period provided by Rule 4(h) for service of the
> summons and complaint, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that the party will
> not be prejudiced in maintaining the party's defense on the merits, and
>
> (2) knew or should have known that, but for a mistake concerning the identity
> of the proper party, the action would have been brought against the party.  An
> amendment pursuant to Rule 9(h) is not an amendment changing the party
> against whom a claim is asserted and such amendment relates back to the date
> of the original pleading.

M.R.C.P. 15(a), (c)(2).  Rule 9(h) reads:

> **(h) Fictitious Parties.** When a party is ignorant of the name of an opposing
> party and so alleges in his pleading, the opposing party may be designated by
> any name, and when his true name is discovered the process and all pleadings
> and proceedings in the action may be amended by substituting the true name
> and giving proper notice to the opposing party.

M.R.C.P. 9(h).  As noted above, Rule 82(d) states: "When an action is *filed* laying venue in

the wrong county, the action shall not be dismissed, but the court, on timely motion, shall

transfer the action to the court in which it might properly have been *filed* and the case shall

proceed as though originally *filed* therein."  M.R.C.P. 82(d).  Also, Rule 21 provides in part:

"Parties may be dropped or added by order of the court on motion of any party or of its own

initiative at any stage of the action and on such terms as are just."  M.R.C.P. 21.

"Furthermore, this Court is bound to follow the plain and ordinary meanings of the Rules of

14

Civil Procedure." ***Veal v. J.P. Morgan Tr. Co.***, 955 So. 2d 843, 845 (Miss. 2007).

¶32.    Whether an addition of a party relates back under Mississippi Rule of Civil Procedure 15 for the determination of venue is an issue of first impression for this Court. "In a case of first impression Mississippi Courts look to other jurisdictions in determining the matter." ***Sheppard v. Mississippi State Highway Patrol***, 693 So. 2d 1326, 1329 (Miss. 1997).

¶33.    The Alabama Supreme Court has determined that "'[l]ater amendments to the complaint to add parties or claims . . . are not [to be] considered in determining whether venue is improper at the commencement of the action.'" ***Ex parte Hampton Ins. Agency***, 85 So. 3d 347, 352 (Ala. 2011) (alteration in original) (quoting ***Ex parte Lugo de Vega***, 65 So. 3d 886, 892 (Ala. 2010)).  In ***Hampton***, Mary Patton filed suit in Hale County against Hampton Insurance Agency and fictitiously named "Defendants A, B, and C."  ***Id***. at 348. Hampton moved to dismiss the suit or transfer, arguing that Hale County constituted an improper venue.  ***Id***. at 349.  It alleged that Hampton was a sole proprietorship with one office located in Tuscaloosa County.  ***Id***.  In response, Patton amended her complaint to add additional counts and name Ginger Spencer, Acceptance Indemnity Insurance Company and Ashland General Agency, Inc.—all Hale County defendants.  ***Id***.  The trial court denied the defendants' motion to transfer "based on its conclusion that venue in Hale County was proper at the time Patton originally filed her action against Hampton."  ***Id***.  The defendants petitioned the Alabama Supreme Court for mandamus relief, requesting that the court direct the trial court to transfer the case to Tuscaloosa County.  ***Id***. at 348.

¶34.    Granting the defendants's petition, the ***Hampton*** court first determined that venue was

15

improper when the suit originally was filed against only Hampton. *Id*. at 350–51. In making this determination, the court noted the governing law: "As this [c]ourt has frequently held, proper venue for an action is determined *at the commencement of the action.* If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper." *Id*. at 351 (emphasis in original) (citations omitted). After determining that venue was improper at the time of filing, the court found that the addition of the later-named defendants did not relate back to the commencement date of the action. *Id*. at 352. One of the *Hampton* court's primary reasons for not allowing the amendments to relate back was that Patton added the parties after Hampton had sought to change venue. *Id*. at 353. Further, the *Hampton* court found Patton's claim that she was ignorant of the identity of the new parties "untenable." *Id*.

¶35. Much of the *Hampton* court's rationale applies directly to the facts at hand. The law that undergirded *Hampton* is similar to Mississippi law. As noted above, this Court "ha[s] held that 'proper venue is determined at the time the lawsuit is originally filed, and subsequent dismissal of the defendant upon whom venue is based does not destroy proper venue.'" *Austin*, 919 So. 2d at 964.

¶36. The claims against UMMC in the second complaint did not arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Upton disagrees and argues that "it is clear that the claims asserted in the amended pleading arose out of Mr. Upton's treatment at UMMC, which was described in the original complaint." The amended complaint, though, added two new defendants (UMMC and

16

Smith) and described new conduct (delay in treatment) that was not mentioned or intimated in the original complaint.

¶37. The amended complaint's allegations concerning delay of treatment on the part of UMMC do not arise out of any "conduct, transaction, or occurrence" described in the original complaint. In fact, the original complaint's allegations are quite the opposite. The original complaint cites UMMC's "numerous procedures and treatments . . . to save Mr. Upton's hand." The original complaint also notes that UMMC "promptly and properly" treated Upton's kidney failure. In contrast, the amended complaint for the first time referenced Smith's decision to delay treatment and omitted the reference to any "prompt[] and proper[]" treatment by UMMC. While the original complaint partially described Upton's treatment at UMMC, no allegations, claims or facts were pleaded against UMMC.

¶38. These facts are stronger than those in *Hampton,* as Upton did not attempt to add UMMC as a fictitious party under Rule 9(h). Clearly, Upton knew of UMMC and UMMC's treatment before the filing of the original complaint. *See Davenport v. Hertz Equip. Rental Corp.*, 187 So. 3d 194, 202 (Miss. Ct. App. 2016) ("In summary, we find that Davenport failed to prove that he lacked knowledge of Hertz's identity prior to the filing of his original complaint, but even if he did, he failed the reasonable-diligence requirement to ascertain Hertz's identity.")

¶39. Also, the amendment to the complaint does not merely "chang[e] the party against whom a claim is asserted." *See* M.R.C.P. 15(c). Upton does not argue that this is the case, and a review of the original complaint shows that UMMC and Smith originally were not

17

included as defendants. All of the claims made in Upton's original complaint remain against the same parties. The amended complaint simply added parties and claims against those parties.

¶40. Further, a plain-language interpretation of the ordinary meaning of the Mississippi Rules of Civil Procedure supports the conclusion that the addition of a party to a suit does not relate back under Rule 15 for the purposes of determining venue. The purpose of Rule 15's relation-back doctrine, when read in conjunction with all the rules, is not to remedy improper venue where the suit could have been filed in the correct venue in the first place. Upton could have filed his suit in Forrest County, where venue would have been proper against the Forrest County defendants. In fact, given the venue statutes discussed above, Rule 82 is clear that, at the time of filing, the only proper venue for the suit was in Forrest County, as Upton named only the Forrest County defendants.[7]

¶41. In addition, Rule 21 governs the addition of parties to a suit and requires permission from the court anytime a party is added to a suit. *See Veal*, 955 So. 2d at 845 ("Where, as here, the amendment sought is to add new defendants, Mississippi Rule of Civil Procedure 21 is applicable, and requires an order from the court to add a new defendant."). While we agree with Upton that the appellants have waived any objection under Rule 21 and *Veal*, this Court is not barred from considering Rule 21 in interpreting this issue of first impression under Rule 15. The fact that Rule 21 requires a court order to add an additional party to the suit lends credence to the interpretation that an amended complaint adding a party under Rule

---

[7]Upton did not rely on the fictitious parties at all in pleading venue.

15 does not relate back to the time of filing. Rule 15's relation-back doctrine is not intended to apply where a new defendant is brought into the suit in an attempt to perfect venue.

¶42. Other than his preferred choice of venue, Upton would have lost no rights by filing his suit against the Forrest County defendants *in Forrest County*. Moreover, Upton will lose no rights as a result of our conclusion. Upton can pursue the same claims after transfer to Forrest County.

¶43. Last, Upton alleges no mistake before this Court in failing to join UMMC. Instead, Upton ignored settled interpretations of this State's venue statutes, brought a medical claim and a MTCA claim under the "general venue statute" and—only after the initial filing—attempted to use Rule 15 later to perfect venue.

¶44. As the amendment of UMMC does not relate back to the date of the original filing, the trial court abused its discretion in denying the motions to transfer venue.[8] Upton filed suit against the Forrest County defendants in Hinds County, an improper venue. We reverse the decision of the trial court and remand the case with instructions for the trial court to transfer the case to Forrest County.[9]

---

[8]We decline to address FGH's argument concerning its venue statute as venue was not proper against any defendant in Hinds County. Further, we do not answer the question of whether these claims could have been joined against these defendants had the claims all been raised in the original complaint against the Forrest County and Hinds County defendants, as the issue before us today is appropriately narrower.

[9]We also decline to address the issue of severance of the claims against UMMC, as UMMC expressly waived its right to venue in Hinds County, and Upton agreed to the transfer of the entire case if the trial court decided that transfer was merited. "Under Mississippi law, it is a 'basic premise that venue may be waived.'" **Lewis v. Pagel**, 2017 WL 2377690, at *6 (Miss. June 1, 2017) (quoting **Belk v. State Dep't of Pub. Welfare**, 473 So.2d 447, 451 (Miss. 1985)). Also, Smith was dismissed from the suit by stipulation.

**CONCLUSION**

¶45.    At the commencement of the suit, Hinds County was the improper venue.  Venue is determined as of the time the lawsuit originally is filed.  The addition of UMMC and Smith does not relate back to the date of the filing of the original complaint for the purposes of determining venue.  Thus, the trial court abused its discretion in denying the motion to transfer venue, as venue was proper only in Forrest County.  We reverse the trial court's denial of the motion to transfer venue and remand the case to the trial court with instructions to transfer it to Forrest County.

¶46.    **REVERSED AND REMANDED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, MAXWELL, BEAM AND ISHEE, JJ., CONCUR.  COLEMAN, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J.**

**COLEMAN, JUSTICE, SPECIALLY CONCURRING:**

¶47.    I concur with the result reached and the core reasoning employed by the majority.  I write separately only to suggest respectfully that, in light of statutory changes, the Court should reexamine its continued adherence to and citation of the concept that where venue is proper as to one defendant it is proper to all.  (Maj. Op. at ¶ 24).  Venue is set by statute.  At one point, the applicable venue statute indeed provided that when venue is proper as to one defendant it is proper to all.  However, the Legislature amended the venue statute and removed the language.  Accordingly, it is no longer the law in Mississippi, and the Court should stop treating it as though it were.

¶48.    "The determination for proper venue is governed by statute."  ***Miss. Crime Lab. v.***

20

*Douglas*, 70 So. 3d 196, 202 (¶ 16) (Miss. 2011); *see also* **Park on Lakeland Drive, Inc. v. Spence**, 941 So. 2d 203, 206 (¶ 8) (Miss. 2006) ("Venue is a function of statute.") (quoting **Flight Line, Inc. v. Tanksley**, 608 So. 2d 1149, 1155 (Miss. 1992)); **Guice v. Miss. Life Ins. Co.**, 836 So. 2d 756, 759 (¶ 11) (Miss. 2003) ("The venue of a suit in equity in our state is governed entirely by statute."); **Salts v. Gulf Life Ins. Co.**, 743 So. 2d 371, 373 (¶ 7) (Miss. 1999) ("Venue is therefore a function of statute.")

¶49.    Mississippi Code Section 11-11-3 once read, in pertinent part, "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found. . . ." Miss. Code Ann. 11-11-3 (1984). In a 2002 special session, the Legislature amended Section 11-11-3 twice. As Section 11-11-3 went into effect on January 1, 2003, the above-quoted language from the 1984 version was amended to read, in pertinent part, "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides. . . ." Gone from the statute were the words "or any of them." The January 2003 version evinced a rejection by the Legislature that defendants not found in a county could be sued in a county where one other defendant could be found. In any event, the January 2003 version proved to be short-lived, as in a 2004 special session, the Legislature again amended Section 11-11-3, giving it the wording it retains today. Presently, Section11-11-3(1) provides as follows:

> (1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

(ii) Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.

(b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

Miss. Code Ann. § 11-11-3 (Rev. 2004). The above recitation of the history of Section 11-11-3 since 1984 admittedly is tedious, but the point is that the Legislature chose to remove the old language which allowed multiple defendants to be sued in a county where any one defendant resided.

¶50. We appear to have grounded our pronouncement that "where venue is good as to one defendant, it is good as to all defendants," *see, e.g., Wayne General Hospital v. Hayes*, 868 So. 2d 997, 1002 (¶ 23) (Miss. 2004), in the pre-2003 version of the venue statute. For example, in *Hayes*, the majority quoted the old Section 11-11-3 language including "or any of them may be found" before continuing to cite an earlier case for the proposition that where venue is good as to one defendant it is good as to all. *Id.* To be sure, the principle that all defendants may be sued in a county where one resides predates the 1984 version of Section 11-11-3, *see Jefferson v. Magee*, 205 So. 2d 281, 284 (Miss. 1967), but so does the statutory language supporting the principle. *See* Miss. Code of 1930 § 495 (1940).

¶51. Venue is a function of statute. For decades, the venue statute provided that venue as to all defendants is proper where one of the defendants resides. However, as of 2003, the Legislature changed the statute and removed the language that so provided. I respectfully suggest that the Court should recognize the change in the statute and cease its reliance on the

principle that where venue is proper as to one defendant, it is proper as to all, as the principle is no longer found in the general venue statute.

**WALLER, C.J., JOINS THIS OPINION.**